NO. 07-09-00363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 23, 2011

_____

ADAM K. MOORE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-418,928; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Adam K. Moore appeals from his conviction of the offense of aggravated sexual assault and the resulting sentence of twenty years of imprisonment. Through three issues, appellant claims the trial court erred, requiring reversal. We will modify the trial court's judgment and affirm it as modified.

Background

Appellant was indicted for penetrating, with his finger, the sexual organ of his stepdaughter, who was then almost six years old.[1]  On his plea of not guilty, the case was tried to a jury.  The child, eight years old by then, testified at trial.  The child's mother and a SANE nurse also were among the witnesses testifying for the State.  Among other witnesses, appellant presented a medical doctor.  Appellant also took the stand, denying any sexual contact with his stepdaughter.

Analysis

Challenges for Cause to Prospective Jurors

In his first issue, appellant argues the trial court reversibly erred when it denied his challenge for cause to two members of the venire.  Appellant contends the two members indicated their inability to consider the full range of punishment as required by law.

A defendant may challenge a prospective juror for cause if the prospective juror demonstrates a bias or prejudice against any of the law applicable to the case on which the defense is entitled to rely. Tex. Code Crim. Proc. Ann. art. 35.16(c)(2).  The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with law.  *Feldman v. State*, 71 S.W.3d 738, 744 (Tex.Crim.App. 2002). Before a prospective juror can be excused for cause on this basis, the law must be explained to her and she must be asked whether she can follow that law regardless of her personal views. *Jones v. State*, 982 S.W.2d 386, 390

---

[1] Tex. Penal Code Ann. § 22.021(a)(2)(B) (West 2010).

(Tex. Crim. App.1998). The proponent of a challenge for cause has the burden to show that the challenge is proper. *Feldman*, 71 S.W.3d at 747. The proponent does not meet that burden until the record shows that the prospective juror understood the requirement of the law and could not overcome her prejudice well enough to follow it. *Id.*

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the prospective juror's demeanor and responses. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex.Crim.App. 2005); *Blue v. State*, 125 S.W.3d 491, 497 (Tex.Crim.App. 2003). We review the totality of the voir dire testimony to determine whether it supports the trial court's finding with respect to whether the prospective juror is able to follow the law as instructed. *See King v. State*, 29 S.W.3d 556, 568 (Tex.Crim.App. 2000); *Murphy v. State*, 229 S.W.3d 334, 339 (Tex. App.--Amarillo 2006, pet. ref'd). We will reverse a trial court's ruling on a challenge for cause "only if a clear abuse of discretion is evident." *Blue*, 125 S.W.3d at 497.

Appellant contends the trial court should have granted his challenges to two panel members, numbers 26 and 27, because each stated they could not consider probation for someone convicted of aggravated sexual assault. The State disagrees, arguing that the two initially vacillated on the issue, but indicated an ability to consider the full range of punishment, including probation, when subjected to individual questioning. We agree with the State.

Appellant's argument is based on misrepresentations of the record. As to panel member 26, appellant's brief acknowledges that the member was questioned individually after her initial expression of unwillingness to consider probation, but

3

appellant quotes only part of her questioning. He fails to mention that the inquiry with panel member 26 continued for three more pages in the reporter's record, with questioning by both counsel as well as further questioning by the court. By the conclusion of the inquiry, member 26 gave a positive response to the court's question, asking if she "would be able to give some thought or some consideration to the full range of punishment including the possibility of probation depending upon the facts of the case?"

With regard to panel member 27, appellant's brief makes no reference at all to her individual questioning by the court. The record rather clearly shows that during the court's questioning, the member assured the court of her ability to consider the full range of punishment including probation.

When, as here, the record demonstrates vacillating or equivocal prospective jurors, we accord great deference to the trial judge who had the better opportunity to see and hear the person. *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex.Crim.App. 2003). Considering the entirety of the voir dire testimony, as we must, we conclude without difficulty that the trial court did not err by overruling challenges for cause to panel members 26 and 27 based on a claimed bias or prejudice. We overrule appellant's first issue.

Reference to Child as "Victim"

Appellant's trial counsel filed a motion in limine before trial, in which he asked that the prosecutor be instructed, among other things, to refrain from referring to "the alleged victim" as "the victim" before the jury. At a pretrial hearing, counsel argued to the court that the cumulative effect of the State's repeated references to appellant's

4

stepdaughter as "the victim" would be prejudicial. The court denied the motion as to that item.

On appeal, in his second issue, appellant contends the trial court reversibly erred by allowing the prosecution to refer to the child as "the victim." By so doing, appellant asserts, the trial court ratified use of the phrase by the State, amounting to a comment on the weight of the evidence by the trial court.

As the State points out, the initial difficulty with appellant's argument is his failure to cite to any point in the record at which the prosecution referred to the child as "the victim" in front of the jury. In fact, all appellant's record citations in his discussion of this issue are to the pretrial hearing. *See* Tex. R. App. P. 38.1(h) (adequate briefing contains appropriate citations to the record). Issues on appeal are waived if an appellant fails to support his contentions by citations to the record. *See Jensen v. State,* 66 S.W.3d 528, 545 (Tex.App.—Houston [14th Dist.] 2002, pet. ref'd) (appellant waived review of his complaint because the section of his brief on that issue did not contain citations to the record).

Moreover, given the absence of citations to the record, it goes without saying that appellant has not pointed us to an instance in which appellant objected during trial to the State's reference to "the victim" before the jury. An adverse ruling on a motion in limine does not preserve error from the subsequent occurrence at trial of the conduct the motion sought to exclude. *Roberts v. State,* 220 S.W.3d 521, 533 (Tex.Crim.App. 2007); *Ethridge v. State,* No. 01-10-00027-CR, 2011 Tex.App. LEXIS 4780, at *8-9 (Tex.App.—Houston [1st Dist.] June 23, 2011, no pet. h.) (mem. op., not designated for

publication). Even if the State used the phrase "the victim" before the jury,[2] its use has not been preserved as an appellate issue. *See* Tex. R. App. P. 33.1(a) (preservation of error).

For both those reasons, we overrule appellant's second issue.

Testimony of SANE Nurse

In his last issue, appellant complains of the trial court's admission, over objection, of the SANE nurse's opinion testimony. He couches his argument as a challenge to the reliability of her expert opinions. *See Vela v. State*, 209 S.W.3d 128, 136 (Tex.Crim.App. 2006); *Kelly v. State*, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992) (both discussing requirement that expert testimony be reliable).

From appellant's brief, it is difficult for us to know exactly which statement of the SANE nurse on the stand his argument reaches. The argument section of his brief does not cite an instance in the record of the trial testimony at which he objected to opinion testimony of the SANE nurse. As with his second issue, all the citations to the record in his argument section refer to a pretrial hearing. See Tex. R. App. P. 38.1(i) (argument must contain "appropriate citations . . . to the record"). We thus assume appellant relies on Rule of Evidence 103(a)(1) to preserve the issue for appeal. Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1).

---

[2] The State further argues the record shows it did not repeatedly refer to the child as "the victim" during trial, and the phrase never was used during its questioning of any witness. From our review of the record, the State's argument has weight, but we need not address it further.

Appellant does describe the SANE nurse's trial testimony in the facts section of his brief. There, appellant recites the nurse's testimony that during her examination of the child, she saw a scar on the hymen and a second scar extending from the posterior fourchette into the fossa navicularis. She described the scars, and said they were visible on the colposcope photographs she took. As to opinions, appellant refers to two. The nurse expressed the opinion that the injury at the posterior fourchette typically indicates penetration has occurred. She also stated her conclusion the scar on the posterior fourchette was consistent with a penetrating injury which could be caused by the fingers of an adult or a child.

The reliability of her first opinion, that an injury in that location typically indicates penetration, should not be open to question on this record because appellant's expert told the court the same thing. At a pretrial hearing appellant's expert, a medical doctor board-certified in obstetrics and gynecology, said a scar or injury to the hymen or fossa navicularis would not occur absent a penetrating injury to the vagina.[3] The first part of the nurse's second opinion statement, that the scar was consistent with a penetrating injury, is simply a restatement of her first opinion, an assertion that a scar in either of those locations would typically be the result of a penetrating injury. Again, appellant's expert expressed the same opinion.[4]

---

[3] The State's evidence showed the child had ridden a bicycle on the day of her outcry, so some of the testimony from both sides focused on the possibility of injuries to those areas of her genitalia from bicycle riding or another play injury. As noted, neither expert testified such injuries could be caused in that manner.

[4] The point of disagreement between the SANE nurse's testimony and that of appellant's expert was the existence of the two scars. Appellant's expert testified he had reviewed the colposcope photographs and did not see scarring. He further

To the extent appellant's argument complains about the second part of the nurse's statement, her assertion the injuries that led to the scars she saw could be caused by the fingers of an adult or a child, we note three things. First, such an appellate complaint does not comport with the objection made at trial, and thus was not preserved for review.[5] Again, appellant is relying on Rule of Evidence 103(a)(1) for preservation of this issue. The pretrial objection made by trial counsel objected to "causation testimony from [the SANE nurse] in the general subject matter area of opining that the scar[s] noted on the fossa navicularis and/or hymen are indicative of sexual abuse having occurred." As noted, on this record, it is undisputed that scarring like that the SANE nurse testified she saw would be indicative of a penetrating injury. It is doubtful the trial court considered the nurse's testimony that it is "possible" for human fingers to cause such injuries, and that a finger "can" enter the vaginal orifice and cause injury to be the expression of an opinion that such injuries are "indicative of sexual abuse." Second, even if preserved, the argument refers most clearly to testimony adduced on cross examination by appellant. Of the statements referred to in appellant's brief, the only statement adduced by the State was the nurse's testimony to the effect that the injuries she saw were consistent with the child's allegation that appellant "put

_____

testified, as did the nurse, that a penetration injury sufficiently serious to cause such scarring in the vagina of a child that age would have caused bleeding, and would have required medical attention. As to the existence of the scars, appellant's expert had to concede that he had not examined the child, and that scars visible to a trained examiner sometimes do not show up on photographs. Although appellant's expert disagreed that scarring was present, he did not express doubt over the qualifications of the SANE nurse to identify vaginal scarring.

[5] A party's "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).

8

his finger inside her private." The more explicit statements of opinion regarding the ability of human fingers to cause such injuries were made under appellant's questioning. And third, the trial court heard the SANE nurse describe her training and experience. Given her considerable experience and her personal examination of the child, the trial court reasonably could have concluded the underlying facts and data provided a sufficient basis for her stated opinion. *See Vela*, 209 S.W.3d at 133. For all these reasons, we overrule appellant's third issue.

Attorney's Fees

From our review of the record, we note the judgment in this case contains an order that appellant repay $12,328.70 in attorney's fees the county paid his appointed attorney. The clerk's record also reflects, however, the trial court found appellant indigent and unable to afford the cost of legal representation. It does not appear the trial court made a determination appellant had financial resources enabling him to pay all or any part of the fees paid his court-appointed counsel, and we are unable to see any evidence to support such a determination. The order to repay attorney's fees was improper because the evidence was legally insufficient to support a finding appellant had the financial resources to pay attorney's fees**. *See Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010) (so holding). Accordingly, we modify the trial court's judgment to delete the order requiring appellant to pay attorney's fees**.

As so modified, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

9